IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SANDRA GARZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: _____ |
| | § | |
| MARY KAY, INC., and | § | **JURY DEMANDED** |
| TAMMY GRAY, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

TO THE HONORABLE COURT:

Plaintiff Sandra Garza presents her Complaint and shows the Court the following:

### PARTIES

1. Garza is a U.S. citizen and was an employee of Defendant Mary Kay, Inc., in Dallas, Texas.

2. Defendant Mary Kay, Inc. is a business entity with headquarters in Dallas, Texas.

3. Tammy Gray is an individual who is a manager for Mary Kay whose office in Dallas, Texas.

### JURISDICTION

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a)(4) and 28 U.S.C. § 1337. This is a suit authorized and instituted pursuant to the Family Medical Leave Act, 29 U.S.C. 2601, *et seq.* (the "FMLA"); the Civil Rights Act of 1964 and 1991 as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"); 42 U.S.C. § 1981, the Age Discrimination in

Employment Act, 29 U.S.C. §621 ("ADEA"); and seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

5. This is a proceeding for declaratory judgment, injunctive relief, damages, compensatory damages, punitive damages, attorneys' fees, and other relief to secure the rights of Garza. It is brought to prevent Defendants from maintaining a policy, practice, custom or usage of retaliating or discriminating against employees, including Garza, for exercising their right under the FMLA and from interfering with employees' rights under the FMLA, and from discriminating against employees because of their race or age, and from retaliating against persons who oppose discrimination because of race or age.

## BACKGROUND FACTS

6. Garza was employed by Mary Kay for over 18 years.

7. Garza is Hispanic or Latino and she was born on April 1, 1964.

8. Until her review in April, 2008, Garza always received good or excellent performance reviews.

9. Garza applied for a Manufacturing ERP Analyst position in 2007.

10. Mary Kay stated that Garza was not chosen for the position because she did not have a college degree.

11. At the time, Garza had been working on her degree and was one class short of graduating.

12. Mary Kay had made exceptions for others without degrees in the past.

13. Mary Kay made an exception to the person filling the Cost Accountant I position in 2008 who did not have the required accounting degree.

14. The person whom Mary Kay hired for the Manufacturing ERP Analyst position was not Latina and was substantially younger than Garza.

15. Garza applied for another position in October, 2007: Travel Accounting Supervisor.

16. Mary Kay refused to give Garza the Travel Accounting Supervisor position, stating that she did not have supervisory experience.

17. Garza had been performing the role of Travel Accounting Supervisor de facto for about two years, exhibiting the necessary supervisory responsibilities for that role for that period.

18. Garza's supervisory role and leadership was acknowledge in Garza's performance review on June 6, 2006.

19. The person whom Mary Kay hired for the Travel Accounting Supervisor was not Latino and was substantially younger than Garza.

20. The reasons given by Mary Kay for not giving Garza the Travel Accounting Supervisor position were not true, leading to the conclusion that they were pretext for unlawful discrimination.

21. Garza then took approved FMLA leave beginning October 23, 2007.

22. Garza's supervisor, Tammy Gray, contacted Garza repeatedly during the leave concerning department issues, pressing for Garza to return from leave, requesting to speak with Garza's physician, and commenting about the leave.

23. Garza returned from her FMLA leave on January 14, 2008.

24. Immediately after Garza returned from her FMLA leave full-time, Gray exhibited a drastically changed attitude toward Garza, monitoring her with increasingly close scrutiny.

25. Mary Kay and Gray posted the General Accounts Payable position on January 25, 2008.

26. Garza expressed her interest in the posted General Accounts Payable position to Gray.

27. Gray stated that Garza was not qualified for the position because she did not have supervisory experience, ignoring Garza's prior supervisory experience.

28. On February 4, 2008, Garza met with Gray and informed her that she noticed that Gray's attitude had changed, and questioned whether Gray was upset because of the FMLA leave.

29. At the meeting, Gray responded that she was frustrated, but diverted from the real reason, stating that it was because Garza had not been working on an accrual spreadsheet.

30. Gray could not have been upset about the accrual spreadsheet because her only instructions to Garza concerning the spreadsheet was to complete it by month end, along with other projects, without any instruction on the priority or order of completion, and Garza met the deadlines on each project.

31. Gray arbitrarily accused Garza of not working on one of the projects, knowing that Garza had several projects and had a reputation for meeting deadlines.

32. The real reason was the FMLA leave and the lingering problem with Garza's race and age.

33. On March 13, 2008, Mary Kay posted the position for Cost Accounting I, a position for which Garza also applied.

34. Mary Kay instead hired someone who did not have an accounting degree although the position required an accounting degree.

35. Garza obtained her accounting degree on December 14, 2007.

36. Garza received her performance review at Mary Kay in April, 2008, which showed significant problems with performance for the first time in 18 years with Mary Kay.

37. One of the comments in the April, 2008, performance review concerned attendance which also was made to another person who had taken FMLA leave in the travel accounting department.

38. The basis for the unsatisfactory ratings on the April, 2008, performance review was based on a retroactively applied policy that was not applied equally. The additional review comments were based on trivial or non-existent issues.

39. Garza then met with a human resource representative and complained of race discrimination and FMLA retaliation.

40. Because her complaints were not taken seriously, Garza filed an charge with the EEOC which included national origin and race discrimination on May 19, 2008.

41. On June 2, 2008, Garza amended her EEOC Charge to include retaliation and age discrimination.

42. After the filing of the EEOC charges, Mary Kay and Gray did not resolve the problems or discontinue the retaliation; instead, Mary Kay and Gray increased the retaliation.

43. Mary Kay and Gray continued to harass Garza and aggressively set Garza up for failure in violation of the law.

44. Mary Kay and Gray made the working conditions so intolerable that a reasonable employee would feel compelled to resign.

45. Garza was constructively discharged on September 16, 2008.

## CAUSES OF ACTION

**FMLA Violation**

46. Garza qualified for medical leave under the FMLA.

47. Garza complied with all reasonable requests from Mary Kay for information concerning her medical leave.

48. Mary Kay and Gray interfered with Garza's FMLA leave and retaliated against Garza for taking FMLA leave.

49. The actions were knowing and intentional violations of the FMLA or in reckless disregard of the FMLA and Garza's rights.

50. Garza has suffered damages as a result of the violation. Each of the Defendants are liable for damages recoverable under the FMLA, including back pay, interest on back pay, front pay, lost benefits, liquidated damages, and attorney's fees, to which she is entitled under the ADEA.

**Title VII and Section 1981 Violations**

51. Garza has exhausted required administrative procedures by filing EEOC Charges, alleging that Mary Kay had discriminated against her because of her race and national origin and in retaliation for opposing discrimination.

52. Garza is Hispanic or Latino and opposed unlawful discrimination.

53. Garza's race, national origin, and retaliation were at least motivating factors in the continuing harassment, hostile enviornment, and termination of Garza's employment. If another legitiamate non-discriminatory motive is proven, mixed motive exists.

54. The actions were knowing and intentional violations of Title VII and Section 1981, or in reckless disregard of Title VII, Section 1981, and Garza's rights.

55.     The acts, practices, and policies of May Kay caused damage to Garza in the form of back pay, interest on back pay, front pay, lost benefits and other compensatory or punitive damages, including attorney's fees, to which she is entitled under Title VII and Section 1981.

**ADEA Violations**

56.     Garza has exhausted required administrative procedures by filing EEOC Charges, alleging that Mary Kay had discriminated against her because of her age and in retaliation for opposing discrimination.

57.     Garza is over 40 years of age.

58.     Garza's age was at least motivating factors in the continuing harassment, hostile enviornment, and termination of Garza's employment.  If another legitiamate non-discriminatory motive is proven, mixed motive exists.

59.     The actions were knowing and intentional violations of the ADEA, or in reckless disregard of the ADEA and Garza's rights.

60.     The acts, practices, and policies of May Kay caused damage to Garza in the form of back pay, interest on back pay, front pay, lost benefits, liquidated damages, and attorney's fees, to which she is entitled under the ADEA.

**Declaratory and Injunctive Relief**

61.     Garza is entitled to a declaratory judgment, declaring Defendants' past practices herein complained of to be in violation of the FMLA, Title VII, Section 1981, and the ADEA. Garza is also entitled equitable relief in the form of an injunction prohibiting Defendants from engaging in unlawful employment practices, to reinstate Garza with back pay, and reporting on the manner of compliance with the court order.

**Attorneys' Fees**

62.     Garza was required to retain the services of the undersigned attorney to prosecute the cause.  Under the FMLA, Title VII, Section 1981, and the ADEA, Garza is entitled to a reasonable amount for attorney's fees and expenses for all services rendered in this cause, including trials and appeals.

### JURY DEMAND

63.     Garza requests a trial by jury.

WHEREFORE, Garza requests that upon final trial, Garza have judgment against Defendants for reinstatement; lost wages and benefits; compensatory, and punitive and liquidated damages; attorneys' and expert fees and expenses; injunctive and declaratory relief; interest as provided by law; costs of suit; and any further relief to which Garza may be entitled.

Respectfully submitted,

_____
BRIAN P. SANFORD
Texas Bar No. 17630700
ASHLEY E. TREMAIN
Texas Bar No. 24066209

**SANFORDBETHUNE**
3610 Shire Blvd., Ste. 206
Richardson, TX 75082
Ph:  (972) 422-9777
Fax: (972) 422-9733

**ATTORNEYS FOR PLAINTIFF
SANDRA GARZA**