UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SANDRA GARZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:09-CV-00255-B |
| | § | |
| MARY KAY, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Partial Summary Judgment (doc. 42). For the reasons stated below, the Court finds the Motion should be and hereby is **DENIED**[1] (doc. 42).

In her Motion for Partial Summary Judgment, Plaintiff Sandra Garza ("Garza") seeks the Court's determination as a matter of law that she has suffered an adverse employment action, that Tammy Gray ("Gray"), Garza's former supervisor, is legally capable of being sued as an individual under the Family Medical Leave Act ("FMLA"), and that Gray was an "employer" under the FMLA. (*See generally* Br. In Supp. Of Pl.'s Mot. For Partial Summ. J.) However, Garza subsequently withdrew her Motion for Partial Summary Judgment as to the issue of an adverse employment action and Gray's liability under the FMLA. (*See* Reply in Supp. Of Pl.'s Mot. For Partial Summ. J. And Br. In Supp. 1.) Accordingly, to the extent Garza's Motion seeks summary judgment on these issues, the Motion is hereby **DENIED as moot**.

---

[1]As part of its Response, Defendant Mary Kay, Inc. moves to strike Garza's Declaration submitted in support of her Motion for Partial Summary Judgment. (Def. Mary Kay, Inc.'s Resp. In Opp'n to Plaintiff's Mot. For Partial Summ. J. 8-9.) The Court finds the evidence - regardless of MKI's objections to it - fails to benefit Garza's Motion. Accordingly, the Court finds Defendants' Objections should be and hereby are **DENIED as moot**.

Garza further moves the Court for a determination that she has exhausted her administrative remedies with regard to her claims arising under Title VII and the Age Discrimination in Employment Act. (Br. In Supp. Of Pl.'s Mot. For Partial Summ. J. 20-23.) In response, Defendant Mary Kay, Inc. ("MKI") asserts that Garza's Equal Employment Opportunity Commission ("EEOC") charge was filed 320 days after she was denied a promotion to a Manufacturing ERP Analyst position. (Def. Mary Kay, Inc.'s Br. In Opp'n to Pl.'s Mot. For Partial Summ. J. 3.) Accordingly, MKI contends its failure to exhaust administrative remedies' affirmative defense is applicable to at least one of Garza's claims and, thus, partial summary judgment is not warranted. (*Id.*)

Title VII provides that a discrimination claim must be filed within 300 days of the adverse employment action. *See* 42 U.S.C. § 2000e-5(e)(1). Garza's Charge of Discrimination filed with the EEOC notes that the earliest date discrimination took place was July 2, 2007. (App. To Pl.'s Mot. For Summ. J. 162.) However, the date the Charge of Discrimination was filed is listed as May 19, 2008. A span of more than 300 days exists between these two dates. Accordingly, the Court finds a material issue of fact remains as to whether Garza has exhausted her administrative remedies with regard to all her claims. As such, to the extent Garza seeks partial summary judgment as to the administrative exhaustion of all her claims, the Motion is **DENIED**.

SO ORDERED.

DATED August 17, 2010

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE