U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 2 5 2011

CLERK, U.S. DISTRICT COURT
By _____
Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SANDRA GARZA,                          §
                                       §
        Plaintiff,                     §
                                       §
v.                                     §    CIVIL ACTION NO. 3:09-CV-0255-B
                                       §
MARY KAY, INC.,                        §
                                       §
        Defendant.                     §

## JURY INSTRUCTIONS

MEMBERS OF THE JURY:

## I. General Instructions

Now that you have heard all of the evidence and the argument of counsel, it becomes my duty to give you the instructions of the Court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. The parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated in these instructions, and reach a just verdict regardless of the consequences.

- 1 -

This case should be considered and decided by you as an action between persons of equal standing in the community and holding the same or similar stations in life. A corporation and all other persons stand equal before the law and are to be dealt with as equals in a court of justice.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. The term "evidence" does not include anything that I have instructed you to disregard. Certain demonstrative exhibits have been shown to you. These demonstrative exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you. If an attorney's question contained an assertion of fact that the witness did not adopt, the assertion is not evidence of that fact.

Although you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts established by the evidence in the case.

You should not be concerned about whether the evidence is direct or circumstantial. "Direct

evidence" exists when the evidence directly establishes the facts that a party asserts to be true, such as by an eye witness or in a document. "Circumstantial evidence" is proof of a chain of facts and circumstances that, without going directly to prove the existence of an essential fact, gives rise to a logical inference that such fact does actually exist. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate. You are the sole judges of the "credibility" or believability of each witness and the weight to be given to the witness's testimony. In weighing the testimony of a witness, you should consider the witness's relationship to a particular party; the witness's interest, if any, in the outcome of the case; the witness's manner of testifying; the witness's opportunity to observe or acquire knowledge concerning the facts about which the witness testified; the witness's candor, fairness, and intelligence; and the extent to which the witness's testimony has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness, in whole or in part.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

A witness may be "impeached" or discredited by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the

witness's present testimony.  If you believe that any witness has been so impeached, it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you think it deserves.

The burden of proof in this case is by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.  In other words, to establish a claim or defense by a "preponderance of the evidence" merely means to prove that the claim or defense is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.  If the proof should fail to establish any essential element of a claim or defense by a preponderance of the evidence, you must find against the party with the burden of proof.

Any notes that you have taken during this trial are only aids to memory.  If your memory should differ from your notes, then you should rely on your memory and not on the notes.  The notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

In this charge "Plaintiff" means Plaintiff Sandra Garza. "Defendant" means Defendant Mary Kay, Inc.  As a corporation, Defendant may act only through natural persons as its agents or employees.  In general, you may consider the acts of the corporation's employees in deciding if you

believe Mary Kay has violated the law.



## II. Claims of the Parties

**Interference with FMLA Rights**

*29 U.S.C. § 2601 et seq. (FMLA)*

In answering Question Nos. 1–2, you are instructed as follows:

Under the Family and Medical Leave Act ("FMLA"), it is unlawful for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided by the FMLA. FMLA rights include requesting or taking leave under the FMLA, having the employer maintain certain employment benefits during leave and, once leave is completed, being restored by the employer to the position of employment the employee held when leave commenced, or to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

Plaintiff claims she was entitled to be restored to her same position of employment, or to an equivalent position, upon her return from FMLA leave, but that Defendant failed to restore her to such a position.

Defendant denies Plaintiff's claims and contends that Plaintiff was restored to the same or equivalent position upon her return from FMLA leave.

Upon return from FMLA leave, Plaintiff was entitled to be restored to the position of employment she held when the leave commenced, or to an equivalent position. An "equivalent position" is one that is virtually identical to the position Plaintiff held at the time leave commenced, with equivalent employment benefits, pay, and other terms and conditions of employment. Plaintiff was entitled to job restoration even if Plaintiff was replaced while on leave or her position was

restructured to accommodate the leave.

To prevail on her FMLA interference claim, Plaintiff must prove by a preponderance of the evidence that:

(1)     Plaintiff sought to return to employment with Defendant following FMLA leave; and

(2)     Defendant failed to restore Plaintiff to the same position she held at the time FMLA leave commenced, or to an equivalent position.

In this case, it does not matter whether Defendant intended to violate the FMLA.  If Defendant denied Plaintiff a right to which she was entitled under the FMLA, then Defendant is liable, and Plaintiff should prevail.

If plaintiff proves Defendant failed to restore her to the same or an equivalent employment position, Defendant may nevertheless succeed by proving by a preponderance of the evidence that Plaintiff's same job, or an equivalent one, would no longer have been available to her at the time job restoration was sought because of reasons unrelated to the leave.

*Questions on following page*

QUESTION NO. 1:

Did Defendant fail or refuse to restore Plaintiff to her same or an equivalent job position upon Plaintiff's return from FMLA leave?

Instruction: Plaintiff has the burden of proof. If she has met her burden, answer "Yes;" otherwise, answer "No."

ANSWER:

_____No_____

If you answered "Yes" to Question No. 1, then answer the following question. If you answered "No" to Question 1, skip Question No. 2 and proceed to the next section.

QUESTION NO. 2:

Did Defendant prove by a preponderance of the evidence that Plaintiff's same job, or an equivalent one, would no longer have been available to her at the time job restoration was sought because of reasons unrelated to the leave?

Instruction: Answer "Yes" or "No."

ANSWER:

_____

**Retaliation—Constructive Discharge**

*29 U.S.C. § 2601 et seq. (FMLA) & 42 U.S.C. § 1981*

In answering Question Nos. 3 & 4, you are instructed as follows:

Plaintiff alleges that Defendant constructively discharged her on the basis of her complaining of race discrimination or her taking FMLA leave. Defendant denies Plaintiff's claims and contends that Plaintiff was not constructively discharged.

A "constructive discharge" occurs when an employee resigns from employment because her employer made her working conditions so intolerable that a reasonable employee would feel compelled to resign. The standard is an objective one, not a subjective one. In other words, it is not enough that a particular employee felt compelled to resign, unless a reasonable employee, working in the same conditions, would also feel compelled to resign.

To establish this claim, Plaintiff must prove each of the following essential elements:

First, that Defendant made Plaintiff's working conditions so intolerable that a reasonable employee would feel compelled to resign;

Second, that Defendant engaged in this conduct because of Plaintiff's complaining of race discrimination or her taking FMLA leave; and

Third, that Plaintiff in fact resigned.

A plaintiff's generalized or conclusory testimony regarding her subjective belief that she was retaliated against on the basis of filing a claim of race discrimination or taking FMLA leave is alone insufficient to constitute evidence of retaliation.

*Questions on following page*

- 9 -

QUESTION NO. 3:

Was Plaintiff constructively discharged because she complained of race discrimination?

*(In answering this question, you are instructed to only consider those acts that occurred on or after April 16, 2008)*

Instruction: Plaintiff has the burden of proof.  If she has met her burden, answer "Yes;" otherwise, answer "No."

ANSWER:

NO

QUESTION NO. 4:

Was Plaintiff constructively discharged because she took FMLA leave?

*(In answering this question, you are instructed to only consider those acts that occurred on or after January 14, 2008)*

Instruction:  Plaintiff has the burden of proof.  If she has met her burden, answer "Yes;" otherwise, answer "No."

ANSWER:

NO

**Retaliation—FMLA**

### *29 U.S.C. § 2601 et seq. (FMLA)*

In answering Question Nos. 5-7, you are instructed as follows:

The FMLA also makes it unlawful for an employer to discriminate or retaliate against an employee for engaging in FMLA-protected activity.

Plaintiff claims that Defendant unlawfully retaliated against her because she engaged in FMLA-protected activity.

Defendant denies Plaintiff's claims and contends that it did not unlawfully retaliate against her.

To prevail on her FMLA retaliation claim, Plaintiff must prove by a preponderance of the evidence that:

(1)   She engaged in FMLA-protected activity;

(2)   Defendant took one or more materially adverse actions against Plaintiff; and

(3)   Defendant's adverse action was taken because Plaintiff engaged in FMLA-protected activity.

As to the first element, FMLA-protected activity includes, but is not limited to, requesting or taking leave, having the employer maintain certain employment benefits during leave, and, once leave is completed, seeking restoration to the position of employment Plaintiff held when leave commenced, or to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment. The parties do not dispute that Plaintiff took FMLA leave, a protected activity.

With respect to the second element, the only materially adverse actions Plaintiff has alleged against Defendant with respect to her FMLA claim (in addition to constructive discharge) are a reduction in job responsibilities, a poor performance review in April 2008, and a poor performance review in July 2008.

If you disbelieve the reason(s) Defendant has given for its decision, you may infer Defendant took an adverse employment action against Plaintiff because of her FMLA-protected activity.

It is not a violation of the law for an employer to make an employment decision based on factors other than an employee's protected activity. The fact that an employer's business judgment—including subjective business judgment—may or may not have been fair or wise in your opinion, or that you may disagree with Defendant's position, does not mean Defendant unlawfully retaliated against Plaintiff.

*Questions on following page*

QUESTION NO. 5:

Did Defendant reduce Plaintiff's job responsibilities because she took FMLA protected medical leave?

> *(In answering this question, you are instructed to only consider those acts that occurred on or after January 14, 2008)*

> Instruction: Plaintiff has the burden of proof. If she has met her burden, answer "Yes;" otherwise, answer "No."

ANSWER: _____YES_____

QUESTION NO. 6:

Did Defendant give Plaintiff a poor performance review in April 2008 because she took FMLA protected medical leave?

> Instruction: Plaintiff has the burden of proof. If she has met her burden, answer "Yes;" otherwise, answer "No."

ANSWER: _____NO_____

QUESTION NO. 7:

Did Defendant give Plaintiff a poor performance review in July 2008 because she took FMLA protected medical leave?

> Instruction: Plaintiff has the burden of proof. If she has met her burden, answer "Yes;" otherwise, answer "No."

ANSWER: _____NO_____

**Retaliation—Statute Involved— 42 U.S.C. § 1981**

*42 U.S.C. § 1981*

In answering Question Nos. 8-10, you are instructed as follows:

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by 42 U.S.C. § 1981 ("§ 1981").

Plaintiff claims she was retaliated against for engaging in activity protected by § 1981.

Defendant denies Plaintiff's claims and contends that it took no materially adverse action against Plaintiff in retaliation for her complaints of race discrimination.

To establish a claim of retaliation under § 1981, Plaintiff must prove by a preponderance of the evidence that Defendant took a materially adverse action against her because she made good faith complaints of race discrimination.

The only materially adverse actions Plaintiff has alleged against Defendants with respect to her § 1981 claim (in addition to constructive discharge) are a reduction in job responsibilities, a poor performance review in April 2008, and a poor performance review in July 2008.

It is not a violation of the law for an employer to make an employment decision based on factors other than an employee's protected activity.   The fact that an employer's business judgment—including subjective business judgment—may or may not have been fair or wise in your opinion, or that you may disagree with Defendant's position, does not mean Defendant unlawfully retaliated against Plaintiff.

*Questions on following page*

- 14 -

QUESTION NO. 8:

    Did Defendant reduce Plaintiff's job responsibilities because she complained of race discrimination?

> *(In answering this question, you are instructed to only consider those acts that occurred on or after April 16, 2008)*

> Instruction: Plaintiff has the burden of proof.  If she has met her burden, answer "Yes;" otherwise, answer "No."

    ANSWER:       **NO**


QUESTION NO. 9:

    Did Defendant give Plaintiff a poor performance review in April 2008 because she complained of race discrimination?

> Instruction: Plaintiff has the burden of proof.  If she has met her burden, answer "Yes;" otherwise, answer "No."

    ANSWER:       **NO**


QUESTION NO. 10:

    Did Defendant give Plaintiff a poor performance review in July 2008 because she complained of race discrimination?

> Instruction: Plaintiff has the burden of proof.  If she has met her burden, answer "Yes;" otherwise, answer "No."

    ANSWER:       **YES**

### III.    Instructions on Deliberations

The fact that I have given you these instructions about a particular claim or defense, or that I have not so instructed you, should not be interpreted in any way as an indication that I believe a particular party should, or should not, prevail in this case.

In order to return a verdict, your verdict must be unanimous.  It is your duty as jurors to consult one another and to deliberate with a view towards reaching an agreement.  Each of you must decide the case for yourself, but only after an impartial consideration with each other of all the evidence in the case.  In the course of your deliberations, do not hesitate to reexamine your own view and change your opinion if convinced it is erroneous.  Do not, however, surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of other jurors or for the mere purpose of returning a verdict.  Remember at all times that you are not partisans.  You are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

As soon as I finish reading this charge, you will retire to the jury room.  I will send you the exhibits that have been admitted into evidence.  You will first select one member of the jury to act as presiding juror.  The presiding juror will preside over your deliberations and will speak on your behalf here in court.

Do not deliberate unless all members of the jury are present in the jury room.  In other words, if one or more of you go to lunch together or are together outside the jury room, do not discuss the

case.

When you have reached unanimous agreement as to your verdict, the presiding juror shall fill in your answers to the questions on a copy of the charge that I will provide to you for this purpose, shall date and sign the last page of that copy of the charge, and shall notify the court security officer that you have reached a verdict. The court security officer will then deliver the verdict to me.

The court will honor the schedule you set for your deliberations and your requests for breaks during your deliberations. From time to time I may communicate with you concerning your schedule. This is done primarily for the purpose of anticipating the court's staffing needs, and is not in any way intended to suggest that your deliberations should be conducted at a different pace or on a different schedule.

During the trial, the court reporter made a verbatim record of the proceedings. The court rules do not provide for testimony to be produced for the jury in written form, or for testimony to be read back to the jury as a general aid in refreshing the jurors' memories. In limited circumstances, the court may direct the court reporter to read testimony back to the jury in open court. This is done, however, only when the jury certifies that it disagrees as to the testimony of a particular witness, and identifies the specific testimony in dispute.

If, during your deliberations, you desire to communicate with me, your presiding juror will reduce your message or question to writing, sign it, and pass the note to the court security officer, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by asking you to return to the courtroom so that I can address you orally. If you do send a message or ask a question in which you indicate that you are divided, never state or specify your numerical

division at the time.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

**SO ORDERED**

**SIGNED: March 25, 2011**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE